IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:04CR536 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JOHN ERIC ESTLE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant John Eric Estle's Motion to Dismiss (#17). Hearing on the motion was held on July 20, 2005 and after allowing the parties an opportunity for additional briefing, the motion was deemed submitted on July 29, 2005. Estle moves the court for dismissal of his December 14, 2004 one-count Indictment for firearm possession by a domestic violence offender in violation of Title 18 United States Code, § 922(g)(9).

Estle alleges and the government agrees that because 18 U.S.C. § 921(a)(33) sets forth the legal definition of the "misdemeanor crime of domestic violence" that the court, at least preliminarily, should decide whether the records of Estle's 1996 conviction in Nevada for misdemeanor domestic violence meets the minimum legal requirements to warrant submission to a jury.

18 U.S.C. § 921(a)(33)(B)(i), provides in part as follows:

> A person shall not be considered as been convicted of [a misdemeanor crime of domestic violence] for the purpose of this chapter, unless I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either (aa) the case was tried by a jury, or (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

The government and Estle agree that there are five issues before the court given the facts of this case: 1) Was Estle represented by counsel in the 1996 Nevada conviction? 2) If not, are the records available legally sufficient on the issue of a "knowing and intelligent" waiver of counsel to warrant submitting the issue to a jury to resolve the factual issue?  3) Was Estle entitled to a jury trial for the 1996 Nevada conviction?  4) If Estle was entitled to a jury trial, was his guilt determined by a jury?  or, 5) if guilt was not determined by a jury, is the evidence, Exhibit 1 through Exhibit 3, legally sufficient to show a "knowing and intelligent" waiver of a jury?

## FINDING

Estle's Motion to Dismiss (#17) should be granted as he is correct, the record fails to establish a valid waiver of his right to counsel, or his right to trial by jury.

As to Estle's right to counsel, the record (Exs.1-3) contains the following references: Exhibit 1 -- no attorney listed as "defendant attorney."  Exhibit 2: -- "waives right to an attorney."  The record is insufficient, it contains only conclusionary statements.  Shafer v. Bowersox, 329 F.3d 637 (8th Cir. 2003).  The record fails to provide sufficient information to allow this court to determine whether the defendant was properly informed of his right to counsel and voluntarily and intelligently waived his right.  Absent more information or a transcript of the plea colloquy, I find as a matter of law that the record does not establish Estle knowingly and intelligently waived his right to counsel.  However, even if the record does establish a voluntary and intelligent waiver of the right to counsel, the motion must be granted based upon a violation of Estle's right to trial by jury.

It is clear from Exhibit 3 that the Nevada conviction for Battery/Domestic Violence exposed Estle to a possible penalty of "up to six months in jail and $1,000 fine," and that

his right to a trial by jury is controlled by the Sixth Amendment to the United States Constitution, as defined in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 144 (1968). Cases following Duncan have limited the right to jury trial to offenses where the potential punishment was imprisonment for "six months or more." See Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006 (1972) (citing Duncan v. Louisiana). The "six months or more" language was recently affirmed in Glover v. U.S., 531 U.S. 198, 203-204, 121 S.Ct. 696 (2001).[1] Because Estle was entitled to a trial by jury and because the evidence is devoid of any reference that he was ever informed of his right, much less executed a knowing waiver, Estle's motion to dismiss must be granted.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON** that Estle's Motion to Dismiss (Filing No. 17) be granted.

DATED: August 10, 2005.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) calendar days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be ***reviewed de novo*** and a different disposition made.

---

[1] The government, in a July 20, 2005 memo to the court admits the "6 months or more" possible penalty is the proper test for analyzing Estle's right to a trial by jury.